UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTISHA WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-16901 |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

**NOW COMES** Plaintiff, Antisha Woods ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Ford Motor Company ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Antisha Woods resided in Lake County in the State of Indiana.

8. At all times material to the allegations in this Complaint, Defendant, Ford Motor Company was a corporation doing business in and for Cook County, Illinois whose address is 12600 Torrence Avenue, Chicago, Illinois 60633.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as an Assembler from September 2021 until her unlawful constructive termination on or around June 28, 2023.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Throughout the duration of Plaintiff's employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. Unfortunately, in November 2021, Plaintiff began experiencing sexual harassment from Defendant's employees, Lawrence (LNU), Fez (LNU), Marriel (LNU), and Marcus (LNU).

16. Lawrence, Fez, Marriel, and Marcus would make inappropriate sexually charged remarks directed at Plaintiff such as "I like your shape," and "I love when you bend over."

17. Additionally, Lawrence, Fez, Marriel, and Marcus would follow Plaintiff around and even on occasion recording her.

18. This disturbing behavior made Plaintiff feel uncomfortable and unsafe at work.

19. Plaintiff's coworker noticed the increasing of the inappropriate behavior directed towards Plaintiff and complained about the harassment on Plaintiff's behalf to Supervisor Mitch (LNU).

20. However, Defendant failed to conduct a prompt and thorough investigation into the complaints and subsequently failed to prevent further sexual harassment of Plaintiff.

21. After the harassment was reported, the sexually charged conduct directed towards Plaintiff severely escalated.

22. Plaintiff was then bullied at work and labeled a "snitch."

23. Not only did Lawrence, Fex, Marriel, and Marcus continue to make unwanted advances and sexual comments towards Plaintiff, but they also became violent towards Plaintiff—shoving equipment into Plaintiff and threatening to have others attack her.

24. The situation progressed even further when Plaintiff was physically assaulted by Defendant's employees.

25. Subsequently, in December 2022, Plaintiff began reporting every incident of harassment to Supervisor Mitch.

26. Unfortunately, Defendant once again failed to conduct a prompt and thorough investigation into Plaintiff's complaint leading to further harassment of Plaintiff.

27. In May 2023, the harassment intensified further when Plaintiff began suffering threats of having her car stolen.

28. Plaintiff's car was then stolen in June of 2023.

29. Due to the constant severe harassment and complete lack of support and action from Defendant, Plaintiff was left with no choice but to quit on or around June 28, 2023.

30. Plaintiff was unlawfully constructively terminated because of her sex, (female) on June 28, 2023.

31. Plaintiff was retaliated against and her employment was ultimately constructively terminated for opposing unlawful discrimination and for exercising her protected rights.

32. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

33. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

34. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

35. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

36. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

39. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

40. Defendant knew or should have known of the harassment.

41. The sexual harassment was severe or pervasive.

42. The sexual harassment was offensive subjectively and objectively.

43. The sexual harassment was unwelcomed.

44. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

45. As a direct and proximate result of the sexual harassment described above, Plaintiff

5

has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

46. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

48. Plaintiff met or exceeded performance expectations.

49. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

50. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's sex.

51. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

52. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

54. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

55. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

56. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

57. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

58. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

59. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

60. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of December 2023.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com